UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY L. JR,<br><br>                        Plaintiff,<br><br>         v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                        Defendant. | Case No. C17-5474 RSM<br><br>**ORDER AFFIRMING AND DISMISSING THE CASE** |

Plaintiff seeks review of the denial of his application for Supplemental Security Income (SSI). Plaintiff contends the ALJ erred by rejecting Dr. Ho's medical opinion.[1] Dkt. 26. Plaintiff contends that based on the ALJ's error, the Court must remand for an award of benefits, or alternatively, for further proceedings. *Id* at 4. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

This is the second time Plaintiff seeks review of his SSI application. Plaintiff initially

---

[1] Plaintiff listed two assignments of error in his Opening Brief: (1) the ALJ's evaluation of Plaintiff's testimony, and (2) the ALJ's rejection of Dr. Ho's medical opinion. Dkt. 26 at 1. Plaintiff's brief focused only on the second assignment of error and provided no argument as to how the ALJ erred in rejecting his symptom testimony. The Court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle v. Commissioner, Social Sec. Admin*., 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co*., 328 F.3d 1145, 1164 (9th Cir. 2003)). The Court will therefore only consider the ALJ's evaluation Dr. Ho's medical opinion.

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

filed his application in July 2014. AR 170–71. After the ALJ issued a decision finding Plaintiff not disabled, this Court reversed and remanded this matter under sentence six of 42 U.S.C. § 405(g) based on Defendant's unopposed motion to remand. AR 208–14. The ALJ held a hearing on remand in October 2018. AR 75–92. On February 7, 2019, the ALJ issued a second decision finding Plaintiff has the residual functional capacity (RFC) to perform light work and therefore not disabled. AR 53–74. The ALJ's RFC assessment was based in part on the rejection of Dr. Ho's medical opinion regarding Plaintiff's migraines. AR 66–67. Plaintiff now seeks judicial review of the ALJ's February 2019 decision.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**1.   Dr. Ho**

Plaintiff contends the ALJ erred in rejecting Dr. Ho's medical opinion. Dkt. 26 at 3–4.

In July 2018, Dr. Ho, Plaintiff's treating physician, completed a questionnaire prepared by Plaintiff's counsel regarding Plaintiff's migraines. AR 2120–21. In the questionnaire, Dr. Ho indicated that Plaintiff on average experiences a migraine headache "once a month" and that the average duration of his migraine headaches is "constant." AR 2120. He wrote he would expect Plaintiff to remain lying in a darkened room while the migraine continued. AR 2121. When

asked if, in his opinion, Plaintiff's medical impairments would result "in absenteeism of 3 or more days per month," Dr. Ho answered, "Yes." *Id*. Dr. Ho wrote immediately after, "Please see chart note," referring to the 11 pages of Dr. Ho's treatment notes from August 22, 2018, though they also contained medical information as far back as March 2018. *See* AR 2121–32.

Under the rules applicable to this case, an ALJ may only reject the uncontradicted opinion of a treating or examining doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.*

Here, the ALJ gave "little weight" to Dr. Ho's medical opinion because it lacked "specific functional limitations" that he could consider when assessing Plaintiff's RFC. AR 66. A claimant's RFC is the most the claimant can still do despite [his or her] limitations. 20 C.F.R. § 416.945(a). When assessing a claimant's RFC, the ALJ considers the claimant's ability "to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 416.945(a)(4). The ALJ assesses a claimant's RFC by looking at the relevant evidence, including relevant medical opinion. *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017). But when a medical opinion fails to specify functional limitations, the ALJ may reject that medical opinion. *See Ford*, 950 F.3d at 1156 (affirming the ALJ's rejection of a medical opinion because the medical source's statements regarding how a claimant is "limited" or "fair" were "inadequate for determining RFC").

The ALJ's assessment is reasonable. Besides Dr. Ho's indication that Plaintiff's migraines would lead to absenteeism, Dr. Ho provided almost no details for the ALJ to consider in order to assess Plaintiff's RFC. For example, Dr. Ho did not explain how Plaintiff's migraines

ORDER AFFIRMING AND DISMISSING
THE CASE - 3

and need to lie in a room would affect Plaintiff's work functionalities. See AR 2120. In rejecting Dr. Ho's opinion for its lack of specific functionalities, the ALJ did not err.

An ALJ may also discount a doctor's opinions when they are inconsistent with or unsupported by the doctor's own clinical findings. See *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, the ALJ found several inconsistencies between Dr. Ho's opinion and his accompanying treatment notes. AR 66–67. First, the ALJ noted an internal inconsistency between the physician's finding regarding Plaintiff's "once a month" migraine and Plaintiff's headache being "constant" in nature. AR 66, 2120. Similarly, the ALJ noted Dr. Ho's records did not "reflect frequency or duration of migraines supporting of a finding of disability." AR 66–67. The ALJ also noted that Dr. Ho's comment regarding Plaintiff needing to be in a dark room due to his migraine was most likely comment from Plaintiff himself. AR 66. The ALJ's assessment is reasonable. The 11 pages Dr. Ho attached in support of his opinion show Plaintiff's subjective reports of migraine headaches, but they do not include findings showing the frequency and severity of Plaintiff's migraines, and they do not demonstrate how Plaintiff's migraines would affect his ability to attend work or perform work functionalities. See AR 2125–26, 2131. Dr. Ho's other treatment notes in the record similarly lack any corroborating information that would reasonably support his opinion. See AR 2059–2119. Therefore, in rejecting Dr. Ho's opinion its inconsistency with the physician's own treatment notes, the ALJ did not err.

**2. New Evidence**

Plaintiff contends the new evidence he submitted to the Appeals Council[2] undermines the

---

[2] In his Opening brief, Plaintiff states his counsel sent evidence to the "Court of Appeals," but the Court assumes he is referring to the Appeals Council. See Dkt. 26 at 2.

ORDER AFFIRMING AND DISMISSING
THE CASE - 4

ALJ's RFC assessment. Dkt. 26 at 2–3. The evidence at issue, which Plaintiff attached to his Opening Brief, includes Dr. Ho's completed July 2018 questionnaire, except that "once a month" has been crossed out to state "daily," and then dated February 21, 2019 and signed by Dr. Ho, and treatment notes from Dr. Ho from February and March 2019. *See* Dkt. 26-1 at 1–15. For the reasons discussed below, the Court rejects Plaintiff's argument.

First, in Social Security cases, judicial review of an ALJ's decision may only be based "upon the pleadings and transcript of the record." 42 U.S.C. § 405(g). The "transcript of the record," filed by the Commissioner as part of the answer to the claimant's complaint, includes evidence the ALJ's decision and the parties' complaints are based on. Though the statute does not provide the Court with a procedure for amending the administrative record on appeal, when a claimant submits new evidence to the Appeals Council, the evidence becomes part of the record which the district court must consider in determining whether [or not] the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1159–60 (9th Cir. 2012).

In this case, however, the updated medical opinion and accompanying treatment notes attached to Plaintiff's Opening Brief are not part of the record, because it does not appear Plaintiff submitted to them to the Appeals Council. The record does show Plaintiff attempted to send evidence to the Appeals Council after the ALJ's 2019 decision. *See* AR 21–22 (requests from Plaintiff's counsel for additional time to submit evidence), 30–31 (notices from the Appeals Council granting Plaintiff's counsel's request for additional time). The parties disagree as to whether the Appeals Council received the evidence, but the record indicates the Appeals Council did not. *See* AR 23, 28. In any case, the evidence Plaintiff sought to submit to the Appeals Council is not the same as his attachments to his Opening Brief. The record supports this

because when Plaintiff sought to resubmit evidence to the Appeals Council, he included in his correspondence the same July 2018 questionnaire completed by Dr. Ho stating Plaintiff experienced migraines on average "once a month"—the same evidence already in the record and already considered by the ALJ.  *See* AR 7–20, 2120–27.

In his Reply, Plaintiff argues the Appeals Council failed to consider the updated medical opinion.  Dkt. 31 at 1–3.  But again, the record does not support this given that Plaintiff's correspondences with the Appeals Council always included Dr. Ho's original "once a month" opinion, not the updated "daily" opinion he attached to his Opening Brief.  *See* AR 7–20, 33–48 (Plaintiff's counsel stating he is submitting a "clarification" of Dr. Ho's opinion but attaching the original opinion).  At bottom, the evidence Plaintiff has attached to his Opening Brief is not the same evidence he submitted to the Appeals Council and therefore not part of the record for the Court's consideration.

Second, if a plaintiff desires the Court to consider "new evidence" that is not part of the record, the Court shall apply sentence six of 42 U.S.C. § 405(g) to determine if it has jurisdiction to review the new evidence.  Sentence six of 42 U.S.C. § 405(g) authorizes a reviewing court to remand a case to the Commissioner upon showing that the new evidence (1) is material, and (2) there was a good cause for the failure to incorporate the new evidence into the record in a prior proceeding.  *See* 42 U.S.C. § 405(g).  Evidence is material if it "bears directly and substantially on the matter in dispute," and if the plaintiff has shown there is a "reasonable possibility" the new evidence "would have changed the outcome of the administrative hearing."  *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (citation and internal quotation marks omitted).  To demonstrate "good cause," the plaintiff must show that the new evidence "was unavailable earlier."  *Id.* at 463.  The good cause requirement will not be met by "merely obtaining a more

favorable report once ... [his] claim has been denied." *Id.*

Here, Dr. Ho's updated medical opinion and treatment notes would not have necessarily changed the ALJ's decision.  As discussed in the previous section, Dr. Ho's opinion regarding the frequency, the severity, and impact of Plaintiff's migraines on the issue of nondisability were not reflected in his treatment notes throughout the record.  *See* AR 2059–2118, 2125–26, 2131. Neither was it reflected in the treatment notes Plaintiff attached to his Opening Brief.  *See* Dkt. 26 at 3–15.

Plaintiff also has not shown he has met "good cause" for failing to incorporate Dr. Ho's revised medical opinion into the record.  Plaintiff does not explain why he could not have obtained the updated material prior to the ALJ's decision, especially considering the gap in time between Dr. Ho's completion of the questionnaire and the issuance of the ALJ's decision. Plaintiff's lack of explanation implies he sought out an updated opinion that could "better support his position."  *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) ("The 'good cause' requirement would 'be meaningless if such circumstances were sufficient to allow introduction of new evidence.'") (quoting *Allen v. Secretary of Health and Human Services*, 726 F.2d 1470, 1473 (9th Cir.1984)).  In sum, Plaintiff has failed to show he meets both the requirements to justify a remand under sentence six of 42 U.S.C. § 405(g).

### 3.     Remedy

Plaintiff requests the Court to remand this case for an award of benefits, or alternatively, for further proceeding, based on the ALJ's erroneous evaluation of Dr. Ho's opinion and the new evidence.  Dkt. 26 at 4.

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The

Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). Only if the first two steps are satisfied must the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The analysis here ends at the first step, as the Court has found the ALJ permissibly rejected Dr. Ho's opinion, and Plaintiff assigned no other errors to the ALJ's decision. Further, the Court has found Dr. Ho's revised medical opinion was not submitted to the Appeals Council and therefore not part of the record. Plaintiff also has not shown that Dr. Ho's revised medical opinion justifies remand under sentence six of 42 U.S.C. § 405(g).

### CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

//

//

DATED this 5th day of April, 2024.

*signature*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER AFFIRMING AND DISMISSING
THE CASE - 9